IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RONDA J. ENGLISH,                                   05-CV-1089-BR

       Plaintiff,                              OPINION AND ORDER

v.

WAL-MART SUPER CENTER, INC. #1817,

       Defendant.


**HAROLD S. SHEPHERD**
Shepherd Law Offices
125 S.E. Court, Suite 4
Pendleton, OR 97801
(541) 966-4352

       Attorneys for Plaintiff

**KEVIN H. KONO**
**CAROL J. BERNICK**
Davis Wright Tremaine LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, OR  97201
(503) 241-2300

       Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (#7).  The Court heard oral argument on the Motion on February 9, 2006.

For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this actio with prejudice.

## PLAINTIFF'S COMPLAINT

From August 15, 1995, to May 7, 2004, Plaintiff was employed at the Wal-Mart Super Center in Hermiston, Oregon.  On January 8, 2000, a "riser" of computer paper fell on Plaintiff.  The paper struck Plaintiff on the right arm and shoulder.  Plaintiff was thrown into the shelves on the opposite side of the aisle and "severely injured her shoulder and arm, back of head and neck and both legs."  The injury also caused Plaintiff to have migraines.  Plaintiff alleges the boxes of paper fell because Assistant Manager Peter Subiento instructed her to stack the pallets of paper improperly.

On February 9, 2004, Plaintiff told Assistant Manager Lamar Cloy that her injuries were permanent, "and the only method of treatment was through pain pills and cortisone shots."  Defendant, nonetheless, required Plaintiff to continue her regular job and did not offer limited or light duties.

Plaintiff frequently called in sick due to migraines or pain

2 - OPINION AND ORDER

in her shoulder.  Each time she called in sick, she told management that her absence was due to her on-the-job injury.

Defendant terminated Plaintiff's employment on May 7, 2004.

Plaintiff filed her Complaint on July 13, 2005.  On August 2, 2005, she amended her Complaint, but the Amended Complaint appears to be substantially the same as the original Complaint.  Plaintiff alleges five separate claims against Defendant for disability discrimination in violation of Or. Rev. Stat. § 659A.112.

In her Complaint, Plaintiff describes various encounters with management between March and May 2004, including "coaching" she received due to her excessive absenteeism.

## **STANDARDS**

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief."  *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted).  A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party.  *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

If a court dismisses a claim pursuant to Rule 12(b)(6), the

3 - OPINION AND ORDER

court must grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency.  *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## DISCUSSION

A civil action for violation of Or. Rev. Stat. § 659A.112 (disability discrimination) must be commenced within one year after the occurrence of the unlawful employment practice unless the plaintiff has filed a timely complaint with the Bureau of Labor and Industries (BOLI).  If a BOLI complaint is filed, the plaintiff must commence a civil action within 90 days after BOLI mails a 90-day notice to the plaintiff pursuant to Or. Rev. Stat. § 659A.880.

In her Amended Complaint, Plaintiff is silent as to whether she filed a BOLI complaint.  Nonetheless, her Complaint in this Court was filed on July 13, 2005, more than one year after her termination on May 7, 2004.  Accordingly, on its face, the Court should dismiss Plaintiff's action as untimely.

In her Response, however, Plaintiff contends she filed a complaint with BOLI and received a 90-day notice.  Attached to Plaintiff's Response is a copy of the BOLI notice, which is dated

4 - OPINION AND ORDER

April 12, 2005.  Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the 90-day notice.  *See MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)(on a motion to dismiss, the court may take judicial notice of matters of public record outside of the pleadings).

    Plaintiff was required to file her action within 90 days of the BOLI notice or no later than July 11, 2005.  Plaintiff missed her deadline by two days.  Plaintiff argues her Complaint should be considered filed timely because her attorney placed the Complaint in the mail on July 11, 2005.  The law is clear, however, that a complaint is not considered filed until it is received by the Clerk of Court.  *See Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1988).

    Accordingly, the Court concludes Plaintiff's action is time-barred and must be dismissed with prejudice because the defect cannot be cured by amendment.

## CONCLUSION

    For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (#7) and **DISMISSES** this action with

5 - OPINION AND ORDER

**prejudice.**

IT IS SO ORDERED.

DATED this 3rd day of April, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER